UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| D.T. and R.T., as guardians and next friends of L.T.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>RICHARD ARMSTRONG, in his official capacity as Director of the Idaho Department of Health and Welfare,<br><br>　　　　　　Defendant. | Case No. 1:17-cv-00248-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Currently pending before the Court are: Plaintiffs' Motion to Proceed Anonymously (Dkt. 3), Plaintiffs' Motion to Seal (Dkt. 5), and Defendant's unopposed Motion to Seal (Dkt. 18). These Motions are fully briefed and ripe for the Court's consideration. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without a hearing.

For the reasons set forth below, the Court grants the Motion to Proceed Anonymously (Dkt. 3), grants in part and denies in part Plaintiffs' Motion to Seal (Dkt. 5), and grants Defendant's Motion to Seal (Dkt. 18). The Court finds that, at least at this

MEMORANDUM DECISION AND ORDER- 1

junction in the proceedings and with the record before the Court at this time, using pseudonyms in the caption and filing only the most sensitive documents in the case under seal strikes the appropriate balance of preserving L.T.'s privacy while still providing the public with appropriate access to the pleadings, briefings, and orders of the Court.

## DISCUSSION

**1.      Plaintiffs' Motion to Proceed Anonymously (Dkt. 3)**

Pursuant to Federal Rule of Civil Procedure 5.2(a), Plaintiffs, D.T. and R.T, seek to use pseudonyms in the form of their initials to protect their own identities as well as that of their son, L.T. Plaintiffs argue that disclosing D.T. and R.T's full names would necessarily reveal the identity of L.T. Plaintiffs primary goal in using pseudonyms is to protect L.T.'s privacy rights and to protect him from embarrassment and community alienation.

Generally, Rule 10(a) requires a complaint to have a caption that includes the "name[s] all the parties." Fed. R. Civ. P. 10(a). There are exceptions to this rule.

For example, Plaintiffs rely upon Rule 5.2(a), which protects the identity of minors by requiring a party to use only the initials of an individual known to be a minor. Fed. R. Civ. P. 5.2 (a). While Plaintiffs argue that L.T. is a developmentally-disabled minor in the context of the Motion to Proceed Anonymously, it is clear from the record that L.T. is a developmentally-disabled adult. Therefore, the rule does not apply, although the reason behind it, including the privacy and security concerns of our most vulnerable community members, is relevant to the issues before the Court.

While Rule 5.2(a) does not clearly apply under the circumstances, the Court otherwise has discretion to "allow parties to use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-1068 (9th Cir. 2000) (quoting *United States v. Doe*, 655 F.2d 920, 922, n.1 (9th Cir. 1981)). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

In this instance, the opposing party is aware of the Plaintiffs' identity. The sole issue to be balanced against Plaintiffs' stated privacy concerns is the public's interest in accessing the courts and judicial records.

Plaintiffs seek to proceed with pseudonyms to preserve their anonymity and that of their son. They argue that the pleadings and records involved in this case will include detailed, personal, and potentially embarrassing facts regarding L.T.'s medical condition and behavioral issues that, if disclosed, might hinder L.T.'s ability to socialize, find employment, and otherwise integrate in his community. Defendant opposes the motion because Plaintiffs have already disclosed L.T.'s identity in the context of the Kyler House closing through social media and a news story.

The Court has reviewed the materials Defendant cites in its briefing and does not find that they serve as a basis for denying Plaintiffs from proceedings anonymously herein. Plaintiffs are allowed to decide how and to what extent they disclose personal information,

MEMORANDUM DECISION AND ORDER- 3

and there is no evidence from the records cited that Plaintiffs have chosen to reveal the more embarrassing, personal, and potentially prejudicial facts regarding L.T.'s medical condition and behavioral issues that are part of the record in this case.

Moreover, Defendant does not argue that they have been prejudiced by the use of pseudonyms and, while the Court is well-aware of the public's general interest in having access to court records, the Court finds that Plaintiffs' rights to privacy outweighs the public interest's in Plaintiffs' actual identity in this case. In fact, the use of pseudonyms that protect Plaintiffs' identity may allow greater public access to the information, files, and records at issue in this dispute. With L.T.'s identity protected, the facts underlying his condition may be disclosed to a greater degree than they otherwise would if his identity was known.

**2.     Plaintiff's Motion to Seal (Dkt. 5).**

Plaintiffs also seek to seal the Declarations of Mark Derby and of "R.T.", as well as all of the exhibits to those Declarations.  Plaintiffs argue the Declarations of Mark Derby and "R.T." contain highly personal and confidential information about "L.T." including information about his health, disabilities, and behaviors. Such information, if made public, would potentially subject L.T. to embarrassment and ridicule, and could be used to prevent him from accessing job markets and from successfully becoming and remaining a valued member of his community. According to Plaintiffs, little or no public interest would be served by requiring L.T. to make such information public and requiring publication of such material might discourage L.T. and other litigants like L.T. from bringing cases to vindicate important statutory rights.

MEMORANDUM DECISION AND ORDER- 4

Defendant filed a partial opposition to the Motion to Seal. (Dkt. 9.) Defendant does not oppose sealing filings related to specific diagnostic or medical opinions concerning L.T. However, Defendant argues that the Declaration of R.T. and Exhibits A, B, and E to that Declaration as well as Exhibit A to the Derby Declaration should not be sealed because these filings do not include information subject to a legitimate claim of privacy.

With regard to the Declaration of R.T. and Exhibits. A, B, and E thereto, the Court finds the motion to seal is warranted and necessary for the same reasons stated regarding the decision to allow Plaintiffs to proceed anonymously. Unsealing these documents, as is, would reflect the first and last name of the Plaintiffs. However, because the Plaintiffs' personal information can be redacted, the Court directs the Plaintiffs to redact and refile Exhibits A, B, and E in an unsealed fashion.

Exhibit A to Dr. Derby's Affidavit is his CV. The Court finds no compelling reason to seal this document and denies Plaintiffs' in this regard.

3.   **Defendant's Motion to Seal (Dkt. 18)**

Defendant seeks to file the following documents under seal:

> (1) Declaration of Blake Blumfield in Support of Defendants' Motion for Summary Judgment: Individual Claims (Dkt. 197) [Filed Under Seal] in *K.W., et al. v. Armstrong, et al.*, No. 1:12-cv-00022-BLW (D. Idaho) (Dkt. 12);
>
> (2) 2nd Declaration of Blake Blumfield in Support of Defendants' Motion for Summary Judgment: Individual Claims (Dkt. 235) [Filed Under Seal] in *K.W., et al. v. Armstrong, et al.*, No. 1:12-cv-00022-BLW (D. Idaho) (Dkt. 12-1);

      (3) Declaration of Amanda Barras in Opposition to Motion for Preliminary Injunction or Temporary Restraining Order (Dkt. 14);

      (4) Declaration of Blake Blumfield in Opposition to Motion for Preliminary Injunction or Temporary Restraining Order (Dkts. 16 through 16-4); and

      (5) Declaration of Amanda DeYoung in Opposition to Motion for Preliminary Injunction or Temporary Restraining Order filed herein as ECF Nos. 17 through 17-5

      The Court finds that sealing these documents is warranted and necessary. Judge Winmill has already determined that sealing the Declarations of Blake Blumfield filed in Idaho federal district court Case Number CV 12-22-BLW was necessary and the Court has not been presented with any justification for reconsidering that decision in the context of this case.

      Furthermore, the Declarations of Amanda Barras, Blake Blumfield, and Amanda DeYoung filed in the above-captioned matter contain diagnostic personal health, mental, and emotional evaluations. The Court finds L.T. privacy interests weigh in favor of sealing these documents from public disclosure. To the extent such information was relied upon in the contexts of the parties' briefs, it has been disclosed in the Court's decision. That is sufficient to provide for the public's interest in these court documents.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED: (1) Plaintiffs' Motion to Proceed Anonymously (Dkt. 3) and Defendant's Motion to Seal (Dkt. 18) are GRANTED and (2) Plaintiffs' Motion to Seal (Dkt. 5) is GRANTED IN PART and DENIED IN PART as set forth herein.

DATED: June 16, 2017

Edward J. Lodge
United States District Judge